NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN STALLWORTH, ) <br> ) <br> Plaintiff, ) <br> ) <br> – vs. – ) <br> ) <br> REHEIS CO., JOHN FLYNN, and CHRIS ) <br> MILLER, ) <br> ) <br> Defendants. ) <br> ) | Hon. Harold A. Ackerman <br><br> Civil Action No. 05-202 (HAA) <br><br> **OPINION AND ORDER** |

John Stallworth
811 Evergreen Forest Blvd.
Avenal, New Jersey 07001
*Pro se*

Lynelle J. Slivinski, Esq.
OGLETREE DEAKINS
10 Madison Avenue
Suite 402
Morristown, New Jersey 07960
*Attorney for Reheis Co. and Jon Flynn*

**ACKERMAN, Senior District Judge:**

On January 12, 2005, Plaintiff John Stallworth sent one copy of the complaint in this matter to the named defendants by certified mail. Plaintiff failed to seek issuance of summonses pursuant to Fed. R. Civ. P. 4(b) and failed to serve the defendants with summonses pursuant to Fed. R. Civ. P. 4(c)(1). On February 28, 2005, Plaintiff filed an application for entry of default. Counsel for Reheis Co. and Jon Flynn (improperly pled as "John Flynn") responded on March 9, 2005 by filing a letter brief. The letter brief does not seek dismissal pursuant to Fed. R. Civ. P. 12(b)(4), but does request that Plaintiff's application for entry of default be denied.

It is settled that "[t]he failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case." *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1999). Courts will afford *pro se* litigants some latitude, however, to correct defects in service of process. *See, e.g., Hilska v. Jones*, 217 F.R.D. 16, 22 (D.D.C. 2003); *cf. Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* complaint to a less stringent standard than a complaint drafted by an attorney).

Plaintiff has provided this Court with no evidence that he has effected service of a valid summons on each of the named defendants, a step that is necessary in conferring personal jurisdiction over the defendants upon this Court. Therefore, Plaintiff is directed to seek issuance of valid summonses for each named defendant pursuant to Fed. R. Civ. P. 4(b), and to effect proper service pursuant to Fed. R. Civ. P. 4(c)(1). For this purpose, the Court grants Plaintiff thirty (30) days from the date of this Order to perfect service of process. If Plaintiff fails to perfect service of process in the time allotted, this Court may, in its discretion, dismiss Plaintiff's complaint. *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992) ("Upon determining that process has not been properly served on a defendant, district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process.").

IT IS THEREFORE ORDERED that Plaintiff shall have thirty (30) days from the date of this Order to perfect service of process on the named defendants;

IT IS FURTHER ORDERED that Plaintiff's application for entry of default is DENIED.

Newark, New Jersey
Date: May 23, 2005

_____
Hon. Harold A. Ackerman, U.S.D.J

2